IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL NIEMEYER, | : | Case No. 4:09-CV-01777 |
| Petitioner, | : | |
| v. | : | (Judge McClure) |
| KENNETH CAMERON, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

January 11, 2010

**BACKGROUND:**

On September 15, 2009, Petitioner Russell Niemeyer commenced this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Rec. Doc. No. 1). The defendants in the instant matter are Kenneth Cameron, Warden of SCI-Cresson, and the Attorney General of the Commonwealth of Pennsylvania. Petitioner is an inmate presently confined at the Cresson State Correctional Institution ("SCI-Cresson"). Through his attorney, Teri B. Himebaugh, Esq., the petitioner also filed a memorandum, with exhibits, in support of his petition. (Rec. Doc. No. 2). On October 16, 2009, this Court directed service of the petition and memorandum. (Rec. Doc. No. 5). In this Court's October 16, 2009 Order, we also directed the clerk of court to serve a copy

of the Order and copies of the petition, accompanying brief, and accompanying exhibits by certified mail on the Warden of SCI-Cresson and the Attorney General of the Commonwealth of Pennsylvania.  Id.  We also directed the respondents to answer, within 20 days from the date of the Order, the allegations in the petition for writ of habeas corpus in a manner consistent with Rule 5 of the Rules Governing § 2254 Cases in the United States Courts.  Id.

As of December 17, 2009, no appearance had yet been entered on behalf of either respondent and no answer to the petition had yet been filed.  As such, on December 17, 2009, we entered an order directing the respondents to file, within fourteen (14) days, a response stating the basis for the respondents' failure to comply with the October 16, 2009 Order.  (Rec. Doc. No. 7).  If a response was not timely filed or if the reasons given in a response were insufficient, the October 16, 2009 Order made clear that the Court would direct a hearing to determine whether the respondents should be held in contempt of court.  Id.

On December 31, 2009, this Court received a response from the Commonwealth of Pennsylvania, the Department of Corrections ("DOC"), and Kenneth Cameron.  (Rec. Doc. No. 10).  Representing these defendants in the filing of this response was Randall N. Sears, Deputy Chief Counsel of the DOC.  Id.  On January 4, 2010, this Court received what we construe to be a general entry

of appearance by Robert A. Sambroak, Jr., Esq., First Assistant District Attorney of Erie County. (Rec. Doc. No. 11). Mr. Sambroak also filed a motion entitled "Motion to Transfer Venue," in which he seeks to have this Court transfer the case to the United States District Court for the Western District of Pennsylvania, Erie Division. (Rec. Doc. No. 12). On January 5, 2009, this Court received Mr. Sambroak's response to our December 17, 2009 Order. (Rec. Doc. No. 14). In this response, Mr. Sambroak acknowledges his receipt of the petition and this Court's October 16, 2009 Order. <u>Id.</u> at 1. Mr. Sambroak also acknowledged his failure to enter an appearance or otherwise comply with the Order, noting that this failure was simply a result of negligence and offering a number of mitigating circumstances for this Court to consider in deciding whether to enter a contempt order. <u>Id.</u> at 1-2.

**DISCUSSION:**

The federal venue statute located at 28 U.S.C. § 1391(b) mandates that a civil action other than one that is based on diversity jurisdiction may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

3

may be found, if there is no district in which the action may otherwise be brought.

Here, plaintiff is challenging a conviction which took place in Erie County, located in the Western District of Pennsylvania. The relevant evidence, in the form of court documents as well as witnesses, are similarly located in Erie County. Therefore, we conclude that the Middle District of Pennsylvania is not the proper venue for the instant habeas petition and that the petition should have been filed in the United States District Court for the Western District of Pennsylvania.

**CONCLUSION:**

In light of the foregoing, we conclude that the Middle District of Pennsylvania is not the proper venue for the instant habeas petition and that the matter should be transferred to the United States District Court for the Western District of Pennsylvania.

                                            s/ James F. McClure, Jr.
                                            JAMES F. McCLURE, JR.
                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL NIEMEYER, | : | Case No. 4:09-CV-01777 |
| Petitioner, | : | |
| v. | : | (Judge McClure) |
| KENNETH CAMERON, et al., | : | |
| Defendants. | : | |

**ORDER**

January 11, 2010

**AND NOW,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

The "Motion to Transfer Venue" is **GRANTED**, and the instant matter is transferred to the United States District Court for the Western District of Pennsylvania.

    s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge